STATE of North Dakota, Plaintiff and Appellant,

v.

Albert SIMPFENDERFER, Defendant and Respondent.

No. 8063.

Supreme Court of North Dakota.

March 7, 1963.

Leslie R. Burgum, Atty. Gen., Bismarck, and J. C. Blaisdell, State's Attorney, Hazen, for plaintiff and appellant.

Floyd B. Sperry, Bismarck, for defendant and respondent.

STRUTZ, Judge.

This case was commenced on complaint to the Attorney General of the State of North Dakota, alleging that the defendant, a licensed beer and liquor dealer, had sold beer and alcoholic beverages to minors and had permitted minors to enter his place of business in violation of the laws of this State. Upon receipt of such complaint, the Attorney General served notice of hearing upon the defendant. A hearing was had before an assistant attorney general, who thereafter made findings and recommendations that the defendant's license be suspended. The Attorney General, acting upon such recommendations, made an order suspending defendant's beer and liquor license for thirty days.

The defendant appealed to the district court from such order, and the district court heard his appeal without a jury, on the evidence which had been produced at the hearing before the assistant attorney general. On such hearing, it appeared that the transcript of the testimony taken before the assistant attorney general was incomplete and that much of the evidence which had been given at that hearing was not in the record. The district court, on finding that the transcript of the testimony was incomplete, ordered the entire proceedings against the defendant dismissed. From this order and the judgment of dismissal entered thereon, the State has taken this appeal, demanding a new trial on all issues.

The question before us is whether the action of the district court in dismissing

the entire proceedings because the record on appeal was incomplete, was proper. Section 28–32–15 of the North Dakota Century Code provides for appeal to the district court from the determination of an administrative agency. Section 28–32–19 provides, among other things, that such appeal be tried by the court without a jury, and that the evidence considered by the court on such appeal be confined and limited to the record filed with the court. The statute then goes on to provide that, after such hearing, the district court shall affirm the decision of the agency unless it shall find that such decision or determination is not in accordance with the law, or that such decision is in violation of the constitutional rights of the appellant, "or that any of the provisions of this chapter have not been complied with in the proceedings before the agency, * * *."

The provisions of the chapter referred to require, among other things, that a record be made of all testimony adduced at the hearing before the administrative agency, and that stenographic notes of such testimony and all evidence and exhibits produced on the hearing before the agency be filed with the agency. It then goes on to provide:

"* * * A transcript of the evidence taken by or before an administrative agency shall be furnished to any party to the proceeding upon written request therefor, * * *" Sec. 28–32–12, N.D.C.C.

This provision of the law was not complied with in this case. The transcript which was furnished by the agency was incomplete and did not contain all of the testimony given before the assistant attorney general. Under the provisions of Section 28–32–19, above referred to, if any of the provisions of the Act have not been complied with the district court shall remand the case to the agency in accordance with its decision.

The trial court found that the agency had not furnished a transcript of all of the testimony adduced at the hearing, which is one of the things required of it by the law. It then became the duty of the trial court to remand the case to the Attorney General for the production of a correct record, and the trial court's action in dismissing the entire proceedings was improper. If the Attorney General was unable to furnish such transcript as is required by law, a rehearing should have been ordered by such agency so that a record which would satisfy the requirements of the law might be made.

Order and judgment reversed with direction to the district court to remand said matter to the administrative agency.

MORRIS, C. J., and TEIGEN, ERICKSTAD and BURKE, JJ., concur.