**Derrick J. HOLLER, Petitioner and Appellee,**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION DIRECTOR, Respondent and Appellant.**

**Civ. No. 900361.**

Supreme Court of North Dakota.

June 3, 1991.

Weiss, Wright, Paulson & Merrick, Jamestown, for petitioner and appellee, argued by Robert W. Martin.

Elaine Ayers, Asst. Atty. Gen. (argued), Attorney General's Office, Bismarck, for respondent and appellant.

GIERKE, Justice.

The Director, North Dakota Department of Transportation, appeals from a district court judgment reversing an administrative suspension of Derrick Holler's driver's license and ordering reinstatement of the license. We reverse the district court judgment.

On May 27, 1990, North Dakota Highway Patrol Trooper Ness arrested Holler for driving while under the influence of intoxicating liquor. Thereafter, Holler agreed to a blood test which was conducted at Mercy Hospital in Devils Lake. The blood test results showed that Holler had a blood alcohol content of .16 percent by weight.

At the administrative hearing to suspend Holler's license, Holler argued that the medical technician was not qualified under Section 39–20–02, N.D.C.C.,[1] to obtain a blood sample. The hearing officer concluded that a hospital MT is presumed to be a qualified technician under the statute and, because of the blood test results, suspended Holler's license for 91 days. Holler appealed the decision to the district court and the district court reversed the suspen-

sion. The Director appealed to this court. The only issue on appeal is whether or not a medical technician is a "qualified technician" who may withdraw blood for the purpose of determining its alcoholic content under Section 39–20–02, N.D.C.C.

An appeal from a district court judgment involving a license suspension under Section 39–20–02, N.D.C.C., is governed by the Administrative Agencies Practice Act, Chapter 28–32, N.D.C.C. Pursuant to that chapter, we examine the record of the administrative agency rather than the findings of the district court. *Moser v. North Dakota State Highway Com'r*, 369 N.W.2d 650 (N.D.1985).

The term "qualified technician" has not been defined by our Legislature nor by this court. In a line of cases cited in *Greaves v. N.D. State Highway Com'r*, 432 N.W.2d 879, 881–882 (N.D.1988), other courts have considered whether a person who administered a blood test was qualified to do so. Where there is no statutory requirement of licensure[2] or educational or training standards, the test for determining whether the person is a qualified technician is whether a satisfactory showing can be made that the technician has sufficient training in the withdrawal of blood to accomplish the legislative objectives of protecting the individual's health, guarding against infection and pain, and assuring the accuracy of the test, all in accordance with accepted medical standards. *See, State v. Winquist*, 247 N.W.2d 256, 259 (Iowa 1976).

There is no doubt that the restrictive provision of Section 39–20–02, limiting the procurement of blood samples to certain qualified persons, serves to protect not only the health of the person from whom the blood sample is taken, but also the reliability of the blood sample itself. *State v. Hanson*, 345 N.W.2d 845 (N.D.1984). In

---

1. Section 39–20–02, N.D.C.C., provides in relevant part:
   "Only a physician, or qualified technician, chemist, or registered nurse acting at the request of a law enforcement officer may withdraw blood for the purpose of determining the alcoholic, drug, or combination thereof, content therein."

2. The 1989 Legislative Assembly passed an Act to license and regulate clinical laboratory personnel. Licensure qualifications for medical laboratory technicians is contained in Section 43–48–09, N.D.C.C. This Act became effective after Holler's arrest and is inapplicable to this case.

*Greaves, supra* at 881, we also stated that the accuracy of the blood test depends in large part upon the ability of the person drawing the blood to be able to obtain a fair sample.

In view of the plain meaning and purpose of Section 39–20–02, N.D.C.C., the term "qualified technician" is to be construed liberally. The obvious purpose of the statute is to assure that a medically trained and competent individual will withdraw the blood sample in an acceptable manner. *See, State v. Webster,* 102 Nev. 450, 726 P.2d 831 (1986).

To construe "medical technician" in its general, ordinary meaning will not sacrifice the standards which are necessary to assure the public that a qualified person withdraws the blood sample. *Id.*

In *Greaves,* we held that the emergency medical technician was not a qualified technician because he only had authorization to perform prehospital emergency medical care and therefore was not authorized to withdraw blood from Greaves. *Greaves* is distinguishable from this case because there is nothing in the record showing that there were limitations placed on the medical technician who withdrew blood from Holler. It should also be noted that in *Greaves* the person who withdrew the blood was also a police officer and the blood sample was taken while Greaves was in a Sheriff's office rather than a medical facility.

The record reflects that the Form 104 was signed by the blood specimen collector, Bev Loff, with the initials MT in parentheses behind her name. Further, Trooper Ness testified that "She was a MT, medical technician". By virtue of the fact that the blood was drawn in a hospital setting by hospital personnel, it was reasonable for the hearing officer to presume that the medical technician was qualified to withdraw blood from Holler. Accordingly, we reverse the district court judgment.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.