**John R. JOHNSON, Appellee,**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Appellant.**

Civ. No. 940354.

Supreme Court of North Dakota.

April 19, 1995.

Monte L. Rogneby, Asst. Atty. Gen., Bismarck, for appellant.

Thomas A. Dickson, Bismarck, for appellee.

LEVINE, Justice.

The North Dakota Department of Transportation (Department) appeals from a district court judgment reversing the Department's administrative decision to suspend John R. Johnson's driving privileges for driving under the influence of alcohol. We reverse the district court judgment and reinstate the license suspension.

On March 5, 1994, Trooper Rick Michels responded to a State Radio report of a possible drunk driver. Also responding to the report was a Sheriff's deputy working west of Bismarck near Hebron. Michels saw a vehicle matching the description of the alleged drunk driver's car traveling west on I–94 and began to follow it. Michels observed the car weaving in the roadway and saw it cross the center line and the fog line. The Sheriff's deputy waited to assist Michels, if necessary, at Exit 97 on I–94. Michels followed the vehicle for approximately five miles. When the driver exited I–94 at Exit 97, Michels activated his patrol car's lights and pulled the vehicle over. Michels approached the car and asked Johnson for his driver's license. Michels detected an odor of alcoholic beverages on Johnson, and noted that his eyes were bloodshot and glassy. There were several open beers in the car. After Johnson failed several field sobriety tests and an Alco–Sensor screen, Michels placed him under arrest for driving in violation of NDCC § 39–08–01. A blood test showed Johnson had an alcohol concentration of 0.20 percent.

An administrative hearing was held to suspend Johnson's license. Johnson and his passenger at the time of the stop, Ethan Bodmer, both testified at the hearing that, contrary to Michels' testimony, Johnson was not weaving in the roadway, nor did he cross the fog or center lines. However, the hearing officer, expressly finding "Michels' testimony to be credible," determined that Michels had the necessary reasonable and articulable suspicion to stop Johnson, and sus-

pended Johnson's driving privileges for 365 days.

Johnson appealed to the district court, which reversed the Department's decision, holding that "the evidence before the hearing officer does not reveal probable cause to make the stop." [1] The court explained:

"It is impossible for me to believe that an officer would allow Mr. Johnson to drive for a period of five miles while he was continuously swerving back and forth on the highway. I am satisfied that when the report of the potential DUI came over the state radio, he was determined to arrest Mr. Johnson and upon Johnson exiting the Interstate decided it was appropriate to stop him. In a stop for a misdemeanor, there must be personal observation by the officer that an offense was being committed. To imply that he would watch a driver move back and forth on the Interstate for a period of five miles without doing anything about it is simply unbelievable."

The Department appeals to this court, arguing that the hearing officer's finding that Michels had the necessary reasonable and articulable suspicion to stop Johnson is supported by a preponderance of the evidence in the record. We agree.

■ Our review of the Department's appeal is governed by the Administrative Agencies Practice Act, NDCC ch. 28–32. *Samdahl v. N.D. Dept. of Transp. Dir.*, 518 N.W.2d 714 (N.D.1994). "Under this chapter, although the analysis of the district court is entitled to respect, our review concerns the findings and decision of the agency and not those of the district court." *Wagner v. Sheridan County Social Services Bd.*, 518 N.W.2d 724, 728 (N.D.1994). On review, we determine only whether the findings of fact are supported by a preponderance of the evidence, whether the conclusions of law are sustained by the findings of fact, and whether the agency decision is supported by the conclusions of law. *Maher v. N.D. Dept. of Transp.*, 510 N.W.2d 601 (N.D.1994).

---

1. We note that a police officer needs only "reasonable and articulable suspicion" that a driver may be violating the law not "probable cause," in order to stop a vehicle. *McNamara v. N.D.*

*Dept. of Transp.*, 500 N.W.2d 585, 587 (N.D. 1993). "Reasonable and articulable suspicion is not as stringent a standard as probable cause." *Id.*

"[W]hen reviewing the factual findings of an administrative agency we do not make independent findings of fact or substitute our judgment for that of the agency. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Bryl v. Backes,* 477 N.W.2d 809, 811 (N.D.1991). This standard defers to the hearing officer's opportunity to hear the witnesses' testimony and to judge their credibility and we will not disturb the agency's findings unless they are against the greater weight of the evidence. *Maher,* 510 N.W.2d at 603; *McNamara v. N.D. Dept. of Transp.,* 500 N.W.2d 585 (N.D.1993).

█ The dispositive issue on appeal is whether the hearing officer's finding that Officer Michels had a reasonable and articulable suspicion that Johnson was violating the law is supported by a preponderance of the evidence. Johnson argues that the hearing officer's findings are against the weight of the evidence because both Johnson and Bodmer testified that Johnson was not weaving and did not cross either the fog line or the center line.

█ However, the fact that some of the evidence in the record supports findings contrary to those of the hearing officer does not alone justify reversal of the agency decision on appeal. *McNamara,* 500 N.W.2d at 587. Although there is testimony in the record which could support a finding that Michels lacked reasonable and articulable suspicion, there is also evidence in the record supporting the hearing officer's finding. Michels testified that he observed Johnson cross the center line and the fog line of the roadway and the hearing officer expressly found Johnson's testimony credible. Resolving disputes over the underlying facts and circumstances supporting an officer's reasonable and articulable suspicion is the exclusive province of the hearing officer, as is determining the credibility of witnesses and the weight to be given their testimony. *Bryl,* 477 N.W.2d 809; *Dodds v. N.D. State Highway Comm'r,* 354 N.W.2d 165 (N.D.1984).

Johnson contends Michels' testimony is "clearly unbelievable" because no veteran highway patrol officer would follow a weaving vehicle for nearly five miles before stopping it. From this premise, he asks us to infer that Officer Michels fabricated his testimony. Johnson, in effect, asks us to hold that it is incredible and unreasonable, as a matter of law, for an officer to follow a suspect driver for nearly five miles before stopping the vehicle.

We refuse the invitation. A police officer, in his or her discretion, may choose to stop or not stop a vehicle for any number of reasons. Although it may be poor judgment to permit a suspected drunk driver to continue driving once the officer has formed a reasonable and articulable suspicion that the driver is violating the law, it would be equally unwise for us to attempt to craft a bright-line rule limiting the distance an officer may follow a driver, suspected of violating the law, before initiating a stop. While an officer's poor judgment may be evidence of a lack of credibility, it is not conclusive on this issue. *See Borman v. Tschida,* 171 N.W.2d 757 (N.D.1969). As we stated in *Borman,*

> "[a]lthough from the standpoint of traffic safety it may not have been a prudent practice for the patrol [officer] to [act] as he says he did, we cannot say therefrom that what he asserts to have taken place clearly did not take place." *Id.* at 762–63.

We conclude that, on this record, a reasoning mind reasonably could have determined that Michels had the reasonable and articulable suspicion necessary to stop Johnson's vehicle. Accordingly, we reverse the district court judgment and reinstate the license suspension.

Reversed.

VANDE WALLE, C.J., NEUMANN and MESCHKE, JJ., and ROBERT L. ECKERT, District Judge, concur.

ROBERT L. ECKERT, District Judge, sitting in place of SANDSTROM, J., disqualified.