Corey AXTMAN, Petitioner and Appellee,

v.

Marshall MOORE, Director, North Dakota Department of Transportation, Respondent and Appellant.

Civ. No. 950044.

Supreme Court of North Dakota.

July 27, 1995.

Monte L. Rogneby, Asst. Atty. Gen., Bismarck, for respondent and appellant.

Corey Axtman, pro se, petitioner and appellee.

LEVINE, Justice.

The North Dakota Department of Transportation (Department) appeals from a district court judgment reversing an administrative decision suspending Corey L. Axtman's driving privileges for ninety-one days for driving while under the influence of intoxicating liquor. We reverse the district court judgment and reinstate the Department's ninety-one day license suspension.

Axtman was arrested at 1:40 a.m. on November 10, 1994, for driving in violation of NDCC § 39–08–01. At the time of his arrest, the arresting officer took possession of Axtman's driver's license and issued him a temporary operator's permit (report and notice form). Axtman timely requested an administrative hearing on the license suspen-

sion. At the hearing held December 2, 1994, the hearing officer admitted into evidence, without objection, a certified copy of the report and notice form issued to Axtman. During the arresting officer's testimony, it was revealed that the reverse side of the report and notice form was stamped received by the Department on "Nov. 10, 1993." At the close of the hearing, Axtman argued the Department lacked jurisdiction to suspend his driving privileges because there was no evidence showing the report and notice form had been forwarded to the Department within five days of his arrest, as required by NDCC § 39–20–03.1(3).[1]

The hearing officer suspended Axtman's driving privileges, finding:

"The credible testimony of Officer Dannenfelzer established the date of occurrence was November 10, 1994, as shown on Exhibit 1. The Report and Notice marked as Exhibit 1 was timely forwarded to the director and received by Drivers License and Traffic Safety Division on November 10, 1994. The hearing record contains argument but no testimony or evidence by the petitioner that Exhibit 1 was not forwarded within five days of the issuance of the temporary operator's permit on November 10, 1994. The director acquired jurisdiction."

Axtman appealed to the district court which reversed the license suspension. The district court held NDCC § 39–20–03.1(3) sets out mandatory procedures to be followed by law enforcement officers, and the Department failed to prove by a preponderance of the evidence that the report and notice form had been received within the requisite five days.

"While common sense would tell us that this was simply a mistake and that the officer did comply with all procedures, such cannot be inferred or implied. It is not sufficient to say 'we all know this was a mistake so we will presume compliance.' There must be proof, at least by a preponderance of the evidence, of compliance with all statutory requirements. Because there is no evidence that satisfactorily explains what is obviously simply a mistake, there is no evidence of compliance by the officer."

On appeal, the Department contends NDCC § 39–20–03.1(3) is not a jurisdictional requirement and, even if it were, a preponderance of the evidence supports the hearing officer's conclusion that the date stamp was simply a mistake, and the report and notice form was forwarded to the Department within five days after issuance of the temporary operator's permit. Because we agree with the Department's latter argument, we reverse the district court's decision and express no opinion on whether § 39–20–03.1(3) is a jurisdictional requirement.

 An appeal from an administrative hearing officer's decision to suspend a driver's licence is governed by NDCC ch. 28–32, the Administrative Agencies Practice Act. *Olson v. N.D. Dept. of Transp.*, 523 N.W.2d 258 (N.D.1994). "(A)lthough the analysis of the district court is entitled to respect, our review concerns the findings and decision of the agency and not those of the district court." *Johnson v. N.D. Dept. of Transp.*, 530 N.W.2d 359, 360 (N.D.1995). *See also Samdahl v. Director, N.D. Dept. of Transp.*, 518 N.W.2d 714, 716 (N.D.1994). The decision of the agency will be affirmed "(1) if the

1. NDCC § 39–20–03.1(3) says:

"3. The law enforcement officer, within five days of the issuance of the temporary operator's permit, shall forward to the director a certified written report in the form required by the director and the person's operator's license taken under subsection 1 or 2. If the person was issued a temporary operator's permit because of the results of a test, the report must show that the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while in violation of section 39–08–01, or equivalent ordinance, that the person was lawfully arrested, that the person was tested for alcohol concentration under this chapter, and that the results of the test show that the person had an alcohol concentration of at least ten one-hundredths of one percent by weight. In addition to the operator's license and report, the law enforcement officer shall forward to the commissioner a certified copy of the operational checklist and test records of a breath test and a copy of the certified copy of the analytical report for a blood, saliva, or urine test for all tests administered at the direction of the officer."

findings of fact are supported by a preponderance of the evidence; (2) if the conclusions of law are sustained by the findings of fact; (3) if the decision is supported by the conclusions of law; and (4) if the decision is in accordance with law." *Samdahl*, 518 N.W.2d at 716.

■ When determining whether the Department's findings of fact are supported by a preponderance of the evidence, we do not make independent findings or substitute our judgment for that of the Department. *Johnson*, 530 N.W.2d at 361. We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. *Id.*

■ The parties seem to agree the date stamp showing "Nov. 10, 1993" as the date the Department received the report and notice form is a mistake. The only dispute is whether the hearing officer could properly infer the date was a mistake, and that the report and notice form was actually received by the Department within five days of 1:40 a.m., November 10, 1994. We think he could.

The district court's position would essentially preclude an administrative hearing officer from drawing reasonable inferences from the evidence. However, a hearing officer acts as the fact-finder at an administrative hearing. It is the province of the fact-finder to receive evidence and draw reasonable inferences from that evidence. *Johnson*, 530 N.W.2d at 361; *Geiger v. Hjelle*, 396 N.W.2d 302, 303 (N.D.1986); *Dodds v. N.D. State Highway Comm'r*, 354 N.W.2d 165, 170 (N.D.1984).

This is not a case requiring specialized, scientific evidence, as in *Moser v. N.D. State Highway Com'r*, 369 N.W.2d 650 (N.D.1985). The evidence before the hearing officer supported a reasonable inference that the report and notice form was received by the Department on November 10 of 1994, not 1993. The arresting officer testified he arrested Axtman and issued him a temporary operator's permit in the early morning hours of November 10, *1994*. The intoxilyzer test was administered on November 10, *1994*. The temporary operator's permit was issued on November 10, *1994*. The report and notice form is dated November 10, *1994*, on the face of the document. Further, the only incorrect portion of the date stamp was the year; the month and date both correspond with the incident's occurrence on November 10, 1994. In addition, Axtman did not offer contrary evidence that would dispute that the inference the 1993 date was a mistake. *See Geiger*, 396 N.W.2d at 303. We think, on these facts, it was permissible for the hearing officer to reasonably infer from the evidence that the report and notice form was actually received on November 10, 1994, not November 10, 1993, and that the date stamp showing otherwise was simply a mistake. *Id.*

Accordingly, we reverse the district court judgment and reinstate the Department's ninety-one day suspension of Axtman's driving privileges.

VANDE WALLE, C.J., MESCHKE, NEUMANN, JJ., and RALPH J. ERICKSTAD, Surrogate Judge, concur.

RALPH J. ERICKSTAD, Surrogate Judge, sitting in place of SANDSTROM, J., disqualified.