**Donald RUDOLPH, Plaintiff and Appellee,**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION DIRECTOR, Defendant and Appellant.**

Civ. No. 950109.

Supreme Court of North Dakota.

Oct. 31, 1995.

Monte L. Rogneby, Assistant Attorney General, Bismarck, for defendant and appellant.

Darold A. Asbridge, Bismarck, for plaintiff and appellee.

SANDSTROM, Justice.

Donald R. Rudolph was arrested for being in actual physical control of a motor vehicle while under the influence of intoxicating liquor, violating N.D.C.C. § 39-08-01. Rudolph's license was suspended following an administrative hearing. Rudolph appealed. The district court reversed, holding the Director of the Department of Transportation lost jurisdiction to suspend Rudolph's license by not providing an appropriate copy of the operational checklist and test records of the breath test as required by N.D.C.C. § 39-20-03.1(3). The director appeals.

We reverse, holding the hearing officer could have reasonably found the copy of the operational checklist and test records of the breath test fulfilled the requirements of the statute.

I

On November 3, 1994, a deputy sheriff came upon Rudolph's car in a ditch next to the highway. The vehicle was running and the headlights were turned on. Rudolph was slumped over the steering wheel. Rudolph refused to perform any field sobriety tests. The deputy arrested Rudolph for being in physical control of a motor vehicle while under the influence of intoxicating liquor, and transported him to the station for the Intoxilyzer test.

At the station, the chief of police administered the Intoxilyzer test under the direction of the arresting deputy sheriff. The test

report showed Rudolph's blood-alcohol concentration was 0.19 percent. Rudolph later requested a hearing based on the Director's intent to revoke his license.

At the revocation hearing, the hearing officer received the Intoxilyzer report ("Exhibit 11") into evidence over Rudolph's objection. Rudolph asserted Exhibit 11 did not comply with the requirements of N.D.C.C. § 39-20-03.1(3). Section 39-20-03.1(3) requires the officer to forward a "certified copy of the operational checklist and test records of a breath test" to the director.

During testimony at the hearing, Rudolph's counsel attempted to explain why Exhibit 11 did not meet the requirements of the statute:

"MR. ASBRIDGE: Well, Exhibit 11 is a copy of a certified copy, is that not true?

CHIEF AUSTIN: Yes sir. It's a copy of the one that I mailed in.

MR. ASBRIDGE: You don't know that. You know that Exhibit 11 is a copy of a certified copy. Is that not true?

CHIEF AUSTIN: Yes, sir."

In closing argument, Rudolph's counsel asserted "the department has a copy of a certified copy. It does not show that they have a copy. . . . It's our position, in order for the Department to meet the requirements of 39-20-03.1, they must have the actual certified copy here that was submitted to them so as to establish that they have met the requirements of 39-20-03.1(3)."

The hearing officer found Exhibit 11 met the requirements of N.D.C.C. § 39-20-03.1(3) based on the "credible testimony" of the chief of police. The chief of police testified Exhibit 11 was identical to the document he forwarded to the director as required by the statute. The hearing officer also noted the stamp on Exhibit 11 certified it as a true and correct copy of the original on file with the Director of the Department of Transportation. The hearing officer found the requirements of 39-20-03.1(3) were met and the "arguments made by [Rudolph] are not acceptable." Rudolph appealed the hearing officer's decision to the district court.

On appeal to the district court, the director timely filed a transcript on December 22,

1994. On February 17, 1995, after being notified by Rudolph, the director supplemented the transcript with four previously omitted pages. Because of the omission, Rudolph moved the court for a second fifteen-day extension to file briefs, and that motion was granted.

On appeal to the district court, Rudolph asserted two errors. First, he argued Exhibit 11 did not satisfy the requirements of N.D.C.C. § 39-20-03.1, thus divesting the director of jurisdiction to suspend his license. Second, he argued the improper filing of an incomplete transcript on appeal divested the director of jurisdiction to suspend his license. On March 29, 1995, the district court issued a memorandum opinion reversing the hearing officer's decision to suspend Rudolph's license on the basis of the hearing officer's receipt of Exhibit 11 into evidence. The district court found Exhibit 11 should not have been admitted into evidence over Rudolph's objections, and reinstated Rudolph's driving privileges. The director appeals from the judgment of the district court.

Rudolph properly requested a hearing under N.D.C.C. § 39-20-05. The appeal from the administrative agency decision to the district court was timely under N.D.C.C. § 39-20-06. The district court had jurisdiction under Art. VI, § 8, N.D. Const., and N.D.C.C. § 28-32-19. The Director's appeal from the district court was timely under N.D.C.C. § 28-32-21. This Court has jurisdiction under Art. VI, § 6, N.D. Const., and N.D.C.C. § 28-32-21.

II

The director contends the copy of the Intoxilyzer test record and checklist ("Exhibit 11") introduced at the hearing fulfilled the requirements of the statute, and in any event the statute is not jurisdictional. Rudolph argues the district court was correct in holding Exhibit 11 was not an appropriate copy of the Intoxilyzer test record and checklist, causing the director to lose jurisdiction to suspend his license.

 An appeal from an administrative hearing officer's suspension of a driver's license under N.D.C.C. § 39-20-04.1 is con-

trolled by the Administrative Agencies Practice Act found at N.D.C.C. ch. 28–32. *Hammeren v. North Dakota State Highway Com'r.,* 315 N.W.2d 679, 683 (N.D.1982). This Court reviews the record of the administrative agency as a basis for its decision rather than the district court decision. *Erickson v. Director, N.D. D.O.T.,* 507 N.W.2d 537, 539 (N.D.1993) (citing *Holler v. Dept. of Transp. Director,* 470 N.W.2d 616, 617 (N.D. 1991)). Findings of fact must be supported by a preponderance of the evidence. N.D.C.C. § 28–32–19(5). In determining whether an agency's findings of fact are supported by a preponderance of the evidence, the standard of review is whether a reasoning mind could reasonably have determined the factual conclusions were supported by the weight of the evidence. *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214, 220 (N.D. 1979), *Knudson v. Dir., N.D. Dept. of Transp.,* 530 N.W.2d 313, 316 (N.D.1995).

N.D.C.C. § 39–20–03.1(3) requires an officer to forward to the director a "certified copy of the operational checklist and test records of a breath test...."

> The hearing officer found Exhibit 11 was a "[C]opy of the certified document forwarded by [the officer] to the director as required by North Dakota Century Code sections 39–20–03.1(3). The certificate stamped on Exhibit 11 states the information contained is a true and correct copy of the original in the files and the records of the [D.O.T.]. The requirements of section 39–20–03.1(3) were met and the arguments made by the petitioner are not acceptable."

As the hearing officer noted, Exhibit 11 contains a stamp certifying it is a true and correct copy of the actual document on file with the department. N.D.C.C. § 39–20–05(4) provides, "a certified copy of the checklist and test records received by the director from a certified breath test operator ... are regularly kept records of the director." Those records may be introduced and establish "prime facie their contents without further foundation." Under this statute, a director-certified copy of the certified copy sent by the officer may be admitted as prima facie evidence of its contents.

Additional evidence was presented at the hearing concerning the authenticity of Exhibit 11. The chief of police, also the Intoxilyzer operator, testified Exhibit 11 was an identical copy of the document he forwarded to the Department.

N.D.C.C. § 39–20–03.1(3) requires the law enforcement officer to forward his original "certified copy of the operational checklist and test records of a breath test." N.D.C.C. § 39–20–03.1(3) does not require the officer's original certified copy be admitted· at the hearing. The director's certified copy is sufficient under N.D.C.C. § 39–20–05(4). Based on the evidence, we hold a reasoning mind could have reasonably found Exhibit 11 was a certified copy of a "certified copy of the operational checklist and test records of a breath test" under N.D.C.C. § 39–20–03.1(3), as provided for in N.D.C.C. § 39–20–05(4). Based on the evidence, the hearing officer could have reasonably found the law enforcement officer forwarded to the director the officer's original certified copy as required by N.D.C.C. § 39–20–03.1(3).

### III

■ Rudolph contends the director lost jurisdiction to suspend his license because a complete transcript was not tendered to the district court within the time allotted by N.D.C.C. § 39–20–06. The director argues the statute is not jurisdictional and Rudolph suffered no prejudice from the slight delay caused by the "clerical" error. Further, the director argues Rudolph consented to the delay by requesting, and being granted, a fifteen-day extension following his notifying the Director the pages were missing.

N.D.C.C. § 39–20–06 provides, in part, "[w]ithin twenty days after receipt of the notice of appeal, the director or the hearing officer who rendered the decision shall file in the *office of the clerk of court to which the* appeal is taken a certified transcript of the testimony and all other proceedings."

Rudolph filed a notice of appeal on December 6, 1994. The director timely filed the incomplete transcript on December 22. On February 14, after Rudolph notified the director of the missing pages and requested another extension, the director forwarded the

pages. Both parties were granted a second fifteen-day extension to file briefs due to the omitted pages.

Rudolph cites no authority for the proposition that failure to file a complete transcript on appeal somehow retroactively divests the director of jurisdiction. This Court has held a failure to furnish a complete administrative hearing transcript usually results in a remand until the transcript can be provided, not dismissal of the action. *State v. Simpfenderfer,* 120 N.W.2d 595, 596 (N.D.1963). Rudolph has shown no ongoing pattern of incomplete transcripts being submitted by the Department to the district court. *See Madison v. North Dakota Dept. of Transp.,* 503 N.W.2d 243, 246–47 (N.D.1993).

Rudolph's claim the administrative agency lost jurisdiction to suspend his license due to a procedural error occurring on appeal is without merit. The critical question is whether the administrative agency, at the time it ruled, had jurisdiction. *See Western Life Trust v. State,* 536 N.W.2d 709, 712 (N.D.1995). The agency had jurisdiction to suspend Rudolph's license at the time it entered its order. Subsequent procedural irregularities occurring during an appeal do not retroactively divest the agency of jurisdiction.

### IV

The decision of the district court is reversed and the Director's decision revoking Rudolph's license is reinstated.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.