1997 ND 81

**Brian Dewain NELSON, Petitioner and Appellee,**

v.

**DIRECTOR, NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

Civil No. 960232.

Supreme Court of North Dakota.

April 22, 1997.

Thomas M. Tuntland, Mandan, for petitioner and appellee.

Andrew Moraghan, Assistant Attorney General, Attorney General's Office, Bismarck, for respondent and appellant.

SANDSTROM, Justice.

[¶ 1] The North Dakota Department of Transportation appeals from a district court judgment reversing an administrative decision suspending Brian Dewain Nelson's driving privileges. We reverse the judgment of

the district court and reinstate the suspension of Nelson's driver's license for 91 days because the evidence supports the hearing officer's finding the report and notice form was received within five days.

I

[¶ 2] In the early morning hours of March 15, 1996, a Bismarck police officer observed a vehicle with its headlights off squeal its tires as it made a U-turn. The officer stopped the vehicle and approached the driver, Brian Dewain Nelson. The officer detected an odor of alcohol, slurred speech, and bloodshot eyes. The officer testified Nelson admitted he had been drinking. The Intoxilyzer test results showed Nelson had a blood alcohol concentration of .17 percent. Nelson was arrested for driving under the influence of alcohol, under N.D.C.C. § 39–08–01.

[¶ 3] At the time of the arrest, the officer issued Nelson a temporary driving permit and a copy of the report and notice form as required under N.D.C.C. chapter 39–20 (Chemical Test For Intoxication, Implied Consent). The officer testified he gave the report and notice form to his supervisor, and, to the best of his knowledge, it was mailed to the Drivers License and Traffic Safety Division of the Department of Transportation. The report and notice form was stamped on the back "RECEIVED MAR 14 1996," the day before Nelson was arrested.

[¶ 4] Under N.D.C.C. § 39–20–05, Nelson requested an administrative hearing on the suspension of his driver's license. The hearing officer found the "receipt date of March 14, 1996, on the back of the document is an impossibility." The hearing officer, however, found it "reasonable that the document was received within five days" of the date it was issued to Nelson and concluded the Department of Transportation had jurisdiction to suspend Nelson's driving privileges. Nelson's license was suspended for 91 days.

[¶ 5] Nelson appealed the suspension to the district court. The district court ruled the "Hearing Officer erred in concluding that the driver's license had been forwarded to the Department of Transportation within five (5) days of issuance." The court further concluded "the five (5) day forwarding requirement is a basic, mandatory provision of the statute and is jurisdictional." The district court reversed the order suspending Nelson's driving privileges. The Department of Transportation appeals.

[¶ 6] The appeal from the administrative agency decision to the district court was timely under N.D.C.C. § 39–20–06. The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 28–32–19. The appeal from the district court was timely under N.D.C.C. § 28–32–21. This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28–32–21.

II

[¶ 7] The Administrative Agencies Practice Act at N.D.C.C. chapter 28–32 governs appeals from an administrative hearing officer's suspension of a driver's license under N.D.C.C. § 39–20–04.1. *Rudolph v. North Dakota Dep't of Transp. Dir.*, 539 N.W.2d 63, 65–66 (N.D.1995); *Erickson v. Director, North Dakota Dep't of Transp.*, 507 N.W.2d 537, 539 (N.D.1993). "This Court reviews the record of the administrative agency as a basis for its decision rather than the district court decision." *Rudolph* at 66; *Erickson.* "The decision of the agency will be affirmed '(1) if the findings of fact are supported by a preponderance of the evidence; (2) if the conclusions of law are sustained by the findings of fact; (3) if the decision is supported by the conclusions of law; and (4) if the decision is in accordance with law.'" *Axtman v. Moore*, 534 N.W.2d 802, 803–04 (N.D.1995) (quoting *Samdahl v. North Dakota Dep't of Transp. Dir.*, 518 N.W.2d 714, 716 (N.D.1994)). The hearing officer's "[f]indings of fact must be supported by a preponderance of the evidence." *Rudolph* (citing N.D.C.C. § 28–32–19(5)). "In determining whether an agency's findings of fact are supported by a preponderance of the evidence, the standard of review is whether a reasoning mind could reasonably have determined the factual conclusions were supported by the weight of the evidence." *Rudolph*; *Knudson v. Director, North Dakota Dep't of Transp.*, 530 N.W.2d 313, 316 (N.D.1995); *Samdahl.* "When reviewing drivers' license

suspensions, we are confined to the record before the agency." *Samdahl.*

### III

[¶ 8] We are asked to decide whether the hearing officer erred in finding it "reasonable that the [report and notice form] was received within five days" of the date it was issued to Nelson and, if it was not, whether forwarding within five days under N.D.C.C. § 39–20–03.1(3) is a jurisdictional requirement.

### A

[¶ 9] Under N.D.C.C. § 39–20–03.1:

"If a person submits to a test under section 39–20–01, 39–20–02, or 39–20–03 and the test shows that person to have an alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving or being in actual physical control of a vehicle, the following procedures apply:

. . . .

"3. The law enforcement officer, within five days of the issuance of the temporary operator's permit, shall forward to the director a certified written report in the form required by the director."

In this case, Nelson was issued a temporary operator's permit on March 15, 1996. The hearing officer found the receipt date of March 14, 1996, was an "impossibility" because the report was issued March 15, 1996, but "it [was] reasonable that the document was received within five days."

### B

[¶ 10] We addressed a similar issue in *Axtman v. Moore*, 534 N.W.2d 802 (N.D.1995). In *Axtman*, the defendant was arrested for driving under the influence on November 10, 1994. *Axtman* at 802. The "report and notice form was stamped received by the Department on 'Nov. 10, 1993.'" *Axtman* at 803. Because all other evidence before the hearing officer was dated November 10, 1994, this Court concluded "it was permissible for the hearing officer to reasonably infer from the evidence that the report and notice

form was actually received on November 10, 1994, not November 10, 1993, and that the date stamp showing otherwise was simply a mistake." *Axtman* at 804. We reversed the district court and reinstated the ninety-one day suspension of Axtman's driving privileges. *Axtman* at 804.

[¶ 11] In *Axtman*, the district court found "[w]hile common sense would tell us that this was simply a mistake and that the officer did comply with all procedures, such cannot be inferred or implied." *Axtman* at 803. We disagreed, stating "[i]t is the province of the fact-finder to receive evidence and draw reasonable inferences from that evidence." *Axtman* at 804. A hearing officer is not precluded from drawing inferences from the evidence presented, based on common sense and experiences. *Axtman; see also State v. Ensz*, 503 N.W.2d 236, 239 (N.D.1993) (a jury can draw a reasonable conclusion by applying common sense); *State v. His Chase*, 531 N.W.2d 271, 274 (N.D.1995) (instructing jury to "consider the evidence in this case in the light of your common sense and your ordinary experience and observation of human affairs"); 2 JOHN W. STRONG, MCCORMICK ON EVIDENCE § 338, at 435 (4th ed.1992) (a judge's ruling on a directed verdict "must necessarily rest on her individual opinion, formed in the light of her own common sense and experience, as to the limits of reasonable inference from the facts proven").

[¶ 12] In this case, the date stamp of March 14, 1996, was clearly a mistake because the offense did not occur until March 15, 1996. Officer Malo testified he turned the report and notice form in to his supervisor after issuing a copy to Nelson. He further testified it then would have been "sent in to the Drivers License and Traffic Safety Division." He testified the report and notice form "was mailed, as far as I know, as far as I am aware of." The report and notice form was certified by the Department of Transportation on March 21, 1996, so it clearly was received on or before March 21, 1996.

[¶ 13] The Department of Transportation used a manually operated date stamp. A reasoning mind could have concluded the

date stamp was simply not changed from March 14 to March 15.

## C

[¶ 14] Additionally, N.D.C.C. § 39–20–03.1 requires the officer to "forward" the report and notice form within five days. It does not require the report and notice form be "received" within five days. To "forward" means "to send forward; to send toward the place of destination; to transmit." BLACK'S LAW DICTIONARY 655 (6th ed.1990). A requirement to "forward" is met by placing the papers in the mail. *Travelers Indem. Co. v. Rosedale Passenger Lines, Inc.*, 311 F.Supp. 993, 1000 (D.C.Md.1970), *rev'd on other grounds*, 450 F.2d 975 (4th Cir.1971). The fact that the Department of Transportation clearly had *received* the report and notice form by March 21, 1996, permitted the fact finder to infer the form was likely *forwarded* at least the day before, which would be within the five days. *See Duncklee v. Wills*, 542 N.W.2d 739, 742 (N.D.1996) (under N.D.R.O.C. 3.2, the party responding to the motion has an additional three days for mailing to file an answer).

## D

[¶ 15] The hearing officer could have reasonably found the report and notice form was received within five days, and thus the document had been forwarded within the statutory period.

## IV

[¶ 16] The district court's judgment is reversed, and the Department of Transportation's suspension of Nelson's license for 91 days is reinstated.

[¶ 17] VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.