2000 ND 188

STATE of North Dakota, Plaintiff and Appellee,

v.

Wayne LOH, Defendant and Appellant.

No. 20000095.

Supreme Court of North Dakota.

Oct. 26, 2000.

Bruce A. Romanick, Assistant State's Attorney, Bismarck, for plaintiff and appellee.

Kent M. Morrow, Severin, Ringsak & Morrow, Bismarck, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Wayne J. Loh appeals from his judgment of conviction, raising the issue of the trial court's denial of his motion to suppress evidence, arguing the law enforcement officer did not have a reasonable and articulable suspicion to justify stopping Loh's vehicle. We affirm, concluding the officer had probable cause to conduct the investigatory vehicle stop.

I

[¶ 2] On May 6, 1999, at around 9:30 p.m., a law enforcement officer noticed Loh's vehicle traveling slowly, confirmed by radar to be traveling 32 miles per hour in a 55–mph zone. The officer followed the vehicle for approximately five miles, observing the vehicle cross the fog line twice and the center line once, as well as noticing "a lot of in-lane weaving." After the police dispatcher indicated Loh was the registered owner of the vehicle, the officer ran a driver's license check and determined Loh's license was suspended. When the officer stopped the vehicle to investigate whether the driver was under the influence of alcohol, Loh identified himself to the officer and admitted he had a suspended driver's license. The officer detected an odor of alcohol and conducted field sobriety tests. The officer arrested Loh for driving under suspension. After searching the vehicle, the officer found alcohol in the vehicle, including one opened bottle that was almost empty. The officer did not cite Loh for driving while intoxicated or having an open container of an alcoholic beverage.

[¶ 3] Subsequently, Loh filed a motion to suppress the evidence obtained from the investigatory stop. Loh testified he had slowed down to read the street sign because he was looking for a particular street. Loh testified he did not cross the center line or fog .lines and did not believe he had weaved in the traffic lane. The trial court denied Loh's motion to suppress, finding the officer had probable cause to stop the vehicle because the offi-cer observed Loh cross the fog and center lines. Because Loh had been drinking, the trial court concluded Loh had a less clear recollection of the erratic driving than the officer. Loh appeals.

II

[¶ 4] We affirm the decision of a trial court on a motion to suppress, after resolving conflicting evidence in favor of affirming the decision, unless we conclude there is insufficient evidence to support the decision or the decision goes against the manifest weight of the evidence. *State v. Kenner*, 1997 ND 1, ¶ 7, 559 N.W.2d 538. Recognizing the importance of the trial court's opportunity to observe witnesses and assess their credibility, we accord great deference to the trial court's decision in suppression matters. *Id.*

[¶ 5] The law is clear regarding investigative stops of vehicles. To legally stop a vehicle, an officer must have a reasonable and articulable suspicion that a motorist has violated or is violating the law. *Id.* at ¶ 8. Although the concept of reasonable suspicion is not readily reduced to a neat set of legal rules, we have held that reasonable suspicion does require more than a "mere hunch." *Id.* Reasonable suspicion is a less stringent standard than probable cause. *Kahl v. Director, N.D. Dep't of Transp.*, 1997 ND 147, ¶ 12, 567 N.W.2d 197. To establish probable cause, an officer must have reasonable trustworthy information sufficient to warrant a person of reasonable caution to believe an offense has been or is being committed. *City of Bismarck v. Glass*, 1998 ND App 1, ¶ 13, 581 N.W.2d 474. Probable cause to believe a motorist has violated a traffic law renders a stop reasonable and the evidence obtained from the stop admissible. *Kahl*, at ¶ 12 (citing *Whren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)).

A

[¶ 6] Loh argues the officer did not have a reasonable and articulable suspicion Loh

was violating a law when the officer observed slow speed, crossing the fog line twice, crossing the center line once, and in-lane weaving. Loh contends the officer was unable to identify Loh as the driver before the stop. Thus, Loh asserts the officer improperly stopped Loh's vehicle based on a mere hunch, and evidence obtained from the stop should be suppressed. We disagree.

[¶ 7] It is well settled that even minor traffic violations provide officers with the requisite grounds for conducting investigatory vehicle stops. *In re T.J.K.*, 1999 ND 152, ¶ 9, 598 N.W.2d 781. Under N.D.C.C. § 39–10–08(1), driving or weaving on the wrong half of the roadway is a traffic violation. Thus, we previously have determined that a driver's crossing the center line gave the officer probable cause to stop the vehicle for purposes of investigation. *Kahl*, 1997 ND 147, ¶ 14, 567 N.W.2d 197; *see also Zimmerman v. North Dakota Dep't of Transp. Dir.*, 543 N.W.2d 479, 482 (N.D.1996) (upholding an investigatory vehicle stop when an officer observed the traffic violation of crossing the center line once).

[¶ 8] At the suppression hearing, Loh disputed the officer's observations. Loh testified he did not cross the center line, fog line, or weave in his own lane. However, the trial court was "satisfied that [Loh], who not only had a suspended license, but also was drinking on the evening in question, has a less clear recollection of the driving involved." The trial court found the officer had probable cause to stop Loh's vehicle. We agree that once the officer observed Loh crossing the center line, the officer had probable cause to believe Loh violated N.D.C.C. § 39–10–08(1), which was sufficient grounds for conducting an investigatory vehicle stop.

### B

[¶ 9] Loh also argues the officer never indicated he suspected any alcohol-related or criminal activity after following Loh on "a five mile odyssey." Loh insists officers must be held to their true reasons for stopping a vehicle, and a court should not be allowed to justify a stop with reasons on which the officers did not actually act. Loh's argument is misplaced.

[¶ 10] Traffic violations provide a proper basis for stops, even if pretextual, and evidence discovered during such stops is admissible. *Wheeling v. Director of N.D. Dep't of Transp.*, 1997 ND 193, ¶ 9, 569 N.W.2d 273 (citing *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996) (rejecting the argument that the reasonableness of traffic stops depends on the actual motivations of the officers)).

[¶ 11] In *State v. Smith*, 452 N.W.2d 86, 89–90 (N.D.1990), we upheld an investigatory vehicle stop, although the officer's articulated reason for the stop was inadequate, because the officer had other observations sufficient for probable cause to stop the vehicle. We explained when an officer makes an arrest properly supported by probable cause for a certain offense, the arrest is not vitiated by the officer's subjective reliance on an offense for which there is no probable cause. *Id.* at 88–89; *see also State v. Hawley*, 540 N.W.2d 390, 392 (N.D.1995) (stating the objective standard of reasonable suspicion does not hinge on the subjective beliefs of the arresting officer).

[¶ 12] Similarly, in *Zimmerman v. North Dakota Dep't of Transp. Dir.*, 543 N.W.2d 479, 483 (N.D.1996), we concluded the validity of an investigatory stop was not vitiated merely because the officer subjectively stopped the vehicle for another reason which, in itself, may not have provided an adequate basis for the stop. We found persuasive the rationale that an otherwise valid stop does not become unreasonable merely because the officer has intuitive suspicions of some other criminal activity; that is, an officer's state of mind does not have to perfectly match his or her legitimate actions. *Id.* at 482–83.

[¶ 13] We have previously declined to hold unreasonable, as a matter of law,

an officer following a suspect driver for nearly five miles before stopping the vehicle. *Johnson v. North Dakota Dep't of Transp.*, 530 N.W.2d 359, 361 (N.D.1995). We conceded an officer may show poor judgment in permitting a suspected drunk driver to continue driving once the officer has formed a reasonable and articulable suspicion the driver is violating the law, yet we concluded it would be "equally unwise ... to craft a bright-line rule limiting the distance an officer may follow a driver, suspected of violating the law, before initiating a stop." *Id.*

### III

[¶ 14] Accordingly, we affirm Loh's conviction and the trial court's denial of Loh's motion to suppress evidence because the officer not only had a reasonable and articulable suspicion but had probable cause to justify the investigatory vehicle stop, which was not invalidated when the officer suspected other criminal activity and followed Loh for five miles before initiating the stop.

[¶ 15] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, DALE V. SANDSTROM, JJ., concur.