2005 ND 14

**STATE of North Dakota, Plaintiff and Appellant**

v.

**Grady JACKSON, Defendant and Appellee.**

**No. 20040199.**

Supreme Court of North Dakota.

Jan. 19, 2005.

Lloyd C. Suhr, Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellant.

Susan Schmidt, Bismarck, N.D., for defendant and appellee.

NEUMANN, Justice.

[¶ 1]   The State appeals from the district court's memorandum opinion and order granting Jackson's motion to suppress evidence.   We reverse and remand for further proceedings.

I

[¶ 2]   Grady Jackson was driving to work at approximately 3:00 a.m. Officer Roger Marks observed Jackson's vehicle and mistakenly believed the license plates indicated the vehicle was stolen.   In verifying the license plate number, Officer Marks realized the stolen vehicle's license plate number was identical or similar to Jackson's vehicle, except the stolen vehicle plates were Maryland (MD), not North Dakota (ND) as on Jackson's vehicle.   Officer Marks continued to follow Jackson for approximately twelve city blocks.   Officer Marks stopped the vehicle after observing what he considered erratic driving. He observed Jackson's vehicle move into the turning lane and then abruptly return to the driving lane.   Subsequent to the stop and investigation that followed, Jackson was charged with driving while under suspension.

[¶ 3]   Jackson moved to suppress the evidence obtained from the stop.   The dis-

trict court granted the motion, finding Officer Marks improperly continued to follow Jackson after determining the vehicle was not stolen.

## II

[¶ 4] On appeal, the State argues the distance Officer Marks followed Jackson was not relevant in determining whether the traffic stop was appropriate.

[¶ 5] In *State v. Gregg,* 2000 ND 154, ¶ 19, 615 N.W.2d 515 (citations omitted), we outlined our review of a motion to suppress.

> When reviewing a district court's ruling on a motion to suppress, we defer to the district court's findings of fact and resolve conflicts in testimony in favor of affirmance. We affirm the district court's decision unless we conclude there is insufficient competent evidence to support the decision, or unless the decision goes against the manifest weight of the evidence.

*Id.* Although we defer to the district court's findings of fact, questions of law are fully reviewable. *State v. Overby,* 1999 ND 47, ¶ 5, 590 N.W.2d 703.

[¶ 6] The district court granted the motion to suppress, finding it was improper for Officer Marks to continue following Jackson's vehicle once the officer knew there was no valid reason for a stop. We have previously declined to hold it unreasonable, as a matter of law, for an officer to follow a vehicle for a distance before making a stop. *See State v. Loh,* 2000 ND 188, ¶ 13, 618 N.W.2d 477; *Johnson v. North Dakota Dep't of Transp.,* 530 N.W.2d 359, 361 (N.D.1995). We have noted it would be "unwise for us to attempt to craft a bright-line rule limiting the distance an officer may follow a driver, suspected of violating the law, before initiating a stop." *Johnson,* 530 N.W.2d at 361. Our research has not uncovered any jurisdiction limiting the distance an officer may follow a vehicle before making a traffic stop. Officer Marks' act of following Jackson for approximately twelve city blocks does not abrogate any legally sufficient basis for the stop.

## III

[¶ 7] We reverse the district court's order suppressing the evidence obtained during the stop and remand for further proceedings consistent with this opinion.

[¶ 8] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.