IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2019 ND 293

Brandon Wade Lindstrom,                                               Appellant

v.

North Dakota Department of Transportation,                  Appellee

No. 20190204

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Danny L. Herbel, Bismarck, ND, for appellant.

Michael T. Pitcher, Assistant Attorney General, Bismarck, ND, for appellee.

# Lindstrom v. N.D. Dep't of Transportation

## No. 20190204

**Crothers, Justice.**

[¶1]   Brandon Wade Lindstrom appeals the district court judgment affirming the hearing officer's decision to suspend Lindstrom's license for 180 days. We affirm.

## I

[¶2]   On January 28, 2019, Lindstrom was arrested for driving under the influence and given a chemical breath test which showed he was over the legal limit for driving. Lindstrom requested an adminstrative hearing. The hearing officer found the Highway Patrol Trooper had reasonable grounds to believe Lindstrom was driving a vehicle while under the influence of intoxicating liquor, and the Trooper who stopped Lindstrom forwarded the report and notice form and test results to the Department of Transportation by placing them in the mail in an in-house mailing bin on January 29, 2019. The hearing officer suspended Lindstrom's driving priviledges for 180 days. Lindstrom appealed to the district court which affirmed the hearing officer's decision. Lindstrom appeals.

## II

[¶3]   "The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, governs our review of an administrative decision suspending or revoking a driver's license." *Crawford v. Director, N.D. Dep't of Transp.*, 2017 ND 103, ¶ 3, 893 N.W.2d 770. Under N.D.C.C. § 28-32-49, we review an appeal from a district court judgment in an administrative appeal in the same manner as provided

under N.D.C.C. § 28-32-46, which requires a district court to affirm an agency order unless it finds any of the following:

> "1. The order is not in accordance with the law.
> 2. The order is in violation of the constitutional rights of the appellant.
> 3. The provisions of this chapter have not been complied with in the proceedings before the agency.
> 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
> 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
> 6. The conclusions of law and order of the agency are not supported by its findings of fact.
> 7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
> 8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28-32-46.

[¶4] "On review, we determine only whether the findings of fact are supported by a preponderance of the evidence, whether the conclusions of law are sustained by the findings of fact, and whether the agency decision is supported by the conclusions of law." *Johnson v. N.D. Dep't of Transp.,* 530 N.W.2d 359, 360 (N.D. 1995). In determining whether an agency's findings of fact are supported by a preponderance of the evidence "[w]e determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record." *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D. 1979). A reviewing court must give deference to the hearing officer's findings of fact and may not make

independent findings or substitute its judgment for that of the Department. *Henderson v. Dir., N.D. Dep't of Transp.*, 2002 ND 44, ¶ 6, 640 N.W.2d 714.

## III

[¶5]  Lindstrom argues the report and notice was not forwarded to the Department within five days as required by law. Instead, Lindstrom claims the Trooper placed the report and notice in an in-house mail bin on January 29, 2019, and an envelope postmark shows it was sent seven days later to the Department on February 4, 2019.

[¶6]  The State argues the report and notice was forwarded within five days by placing it in the Highway Patrol's in-house mail receptacle/drop box on January 29, 2019.

[¶7]  Under N.D.C.C. § 39-20-03.1, the following procedure applies when a driver is charged with having an alcohol concentration of at least eight one-hundredths of one percent by weight:

> "4. The law enforcement officer, within five days of the issuance of the temporary operator's permit, shall forward to the director a certified written report in the form required by the director."

Here, Lindstrom was issued a temporary operator's permit on January 28, 2019. The hearing officer found, "Trooper Mayer stated he placed the documents in an envelope addressed to the Department and placed them into the mail on January 29, 2019. Therefore[,] the greater weight of the evidence shows that that [SIC] [the] report and notice and test results were properly forwarded to the director within five days of the issuance of the temporary operators permit as is required." The district court affirmed the hearing

officer's decision suspending appellant's driving privileges for a period of 180 days. We affirm.

A

[¶8]   We addressed the definition of the word "forward" in *Nelson v. Director, North Dakota Dept. of Transp.*, 1997 ND 81, ¶ 14, 562 N.W.2d 562. "To 'forward' means 'to send forward; to send toward the place of destination; to transmit.'" *Id.* (citing *Black's Law Dictionary* 655 (6th ed. 1990)).  "It does not require the report and notice form be 'received' within five days." *Id.* "A requirement to 'forward' is met by placing the papers in the mail." *Id.* (citing *Travelers Indem. Co. v. Rosedale Passenger Lines, Inc.*, 311 F.Supp. 993, 1000 (D.C.Md.1970), *rev'd on other grounds*, 450 F.2d 975 (4th Cir. 1971)). Section 39-01-01(39), N.D.C.C., defines "mail" as, "means to deposit mail properly addressed and with postage prepaid with the United States postal service."

[¶9]   The hearing officer found, "Trooper Mayer stated he placed the documents in an envelope addressed to the Department and placed them into the mail on January 29, 2019." "A hearing officer is not precluded from drawing inferences from the evidence presented, based on common sense and experiences." *Nelson*, 562 N.W.2d at ¶ 11 (citing *Axtman v. Moore*, 534 N.W.2d 802 (N.D. 1995)). Here, the hearing officer stated, "the date an item is placed in the mail is not always the date that [it] is postmarked. For illustrative purposes only for example, the Department has a blue postal box into which you could place an item on Friday afternoon and the earliest it would be collected and postmarked would be the next Monday, a full three days after the envelope had been placed in the mail."

4

[¶10] The record supports the hearing officer's decision that the report and notice was placed in the mail when the Trooper placed it in the in-house mailing bin. The Trooper testified:

"MS. HUBER: Did you forward that Report and Notice to the Department of Transportation?

TROOPER MAYER: Yes.

MS. HUBER: Did you forward it?

TROOPER MAYER: Yes, I did.

MS. HUBER: Do you recall how it was forwarded to the department?

TROOPER MAYER: It was forwarded by in-house mail through the highway patrol's US Postal Service.

MS. HUBER: Can you walk me through how that works?

TROOPER MAYER: It is put in a drop box and then picked up, I'm assuming by a post office, postal person.

MS. HUBER: Do you recall when you placed it in the mailbox?

TROOPER MAYER: I believe it was the following day. The 29th. Yes, I believe it was the 29th of January."

On cross-examination the Trooper was asked:

"MR. HERBEL: Okay. And your testimony is that you placed the Report and Notice form in a drop box in house; is that right?

TROOPER MAYER: That's fair.

Mr. HERBEL: So, you, yourself, did not . . . and you were the one . . . you, yourself, did not take it to the post office; correct?

TROOPER MAYER: No, I did not.

MR. HERBEL: Didn't mail it any government mailbox; correct?

5

TROOPER MAYER: Correct.

MR. HERBEL: You . . .

TROOPER MAYER: I can't testify if the post office picks up directly from the drop box or how that works."

Because the Trooper testified he deposited the report and notice in an in-house mail bin on January 29, 2019, and the hearing officer relied on her common sense and experiences of how in house mailing bins operate, the hearing officer could have reasonably found the report and notice were mailed on January 29, 2019, and therefore were forwarded to the Department on the same day.

IV

[¶11] We affirm the district court judgment affirming the hearing officer's decision to suspend Lindstrom's driving privileges for 180 days.

[¶12] Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen
Gerald W. VandeWalle, C.J.

6