**William C. WAXLER, Loren R. Waxler and Gregory J. Waxler, Plaintiffs and Appellants,**

v.

**Kenneth L. DALSTED, personal representative of the Estate of Loren M. Waxler, deceased, Lorraine A. Waxler, and all persons unknown claiming any estate or interest in or lien or encumbrance upon the property described in the Complaint,[1] Defendants and Appellees.**

**Civ. No. 940266.**

Supreme Court of North Dakota.

Feb. 28, 1995.

---

1. Upon the death of Loren M. Waxler, Kenneth L. Dalsted, personal representative of the Estate of Loren M. Waxler, was substituted as a party under Rule 43(a), N.D.R.App.P.

Mervin D. Nordeng (argued), Wegner, Fraase, Nordeng, Johnson & Ramstad, Fargo, for plaintiffs and appellants.

Kenneth L. Dalsted (argued), Gilje & Dalsted, Jamestown, for defendants and appellees.

NEUMANN, Justice.

William C. Waxler, Loren R. Waxler, and Gregory J. Waxler (Waxler sons) appealed a district court summary judgment quieting title to certain real estate in Loren M. Waxler and Lorraine Waxler. We reverse and remand for further proceedings.

Loren M. and Harriet M. Waxler were divorced in 1964. Harriet was awarded custody of the Waxler sons. At the time of their divorce, Harriet and Loren M. owned two quarter sections of farmland, less a 40–acre parcel previously sold. They stipulated how the land was to be distributed and their agreement was incorporated into the following provision of the divorce decree:

"[T]he net income derived from this property, after all normal business expenses are deducted, shall be used as an aid to the college education fund necessary for the children of the Parties herein and all net funds so derived shall be set aside for that purpose. [Loren M.] shall assume the responsibility of providing funds for the college education for the children of the Parties herein and during said period of college, [Harriet] will not receive any income from said premises, and that as of this date the income from said premises shall be saved for college for the children of the Parties herein by [Loren M.].

"At the time the last child completes college or graduate school, or is no longer attending college, these premises shall be divided with one-quarter Section going to [Harriet] and one-quarter Section going to [Loren M.] and that if no agreement can be made on which quarter shall go to whom, the said property shall be sold and the proceeds be divided evenly between the Parties."

Loren M. Waxler and Lorraine were married in 1965. Harriet died in 1970. The attorney representing the administrator sent a letter to Loren M., advising him that, as to the farmland, "[u]nder the laws of joint tenancy, you as the survivor automatically inherit the undivided interest owned by your ex-wife." The final decree of distribution of Harriet's estate noted that an undivided one-half interest in the farmland "is vested in Loren M. Waxler pursuant to the laws pertaining to property held in joint tenancy." In 1991, Loren M. conveyed to Lorraine a joint tenancy interest in the farmland.

The Waxler sons filed suit against Loren M. and Lorraine in 1992. The complaint sought to have title to an undivided one-half interest in the farmland (W½ of Section 17, Township 137, Range 64) quieted in the Waxler sons; the farmland partitioned and the Waxler sons awarded the NW¼ of Section 17; the farmland declared to be subject to a trust

and that they be granted an accounting of the proceeds of the trust created in their parents' divorce judgment, and judgment for the amount due shown by the accounting. The Waxler sons moved for summary judgment. The district court denied the motion and, instead, ordered summary judgment quieting title to the farmland in Loren M. and Lorraine as joint tenants, declaring that the Waxler sons had no interest in the farmland, and declaring that Loren M. was entitled to all proceeds of the farmland free of any claims of his sons.

The dispositive issue is whether or not the 1964 stipulation of Harriet and Loren M. about the disposition of their farmland or their 1964 divorce judgment severed their joint tenancy ownership of the farmland. We hold that the joint tenancy was severed.

■ This case is governed by *Renz v. Renz*, 256 N.W.2d 883 (N.D.1977). When Ernest and Mary Lou Renz were divorced in 1962, they stipulated that certain property held in joint tenancy was "'to be divided equally, less any incumbrance that is against said property as soon as property is sold.'" *Id.* at 884. The stipulation was made a part of the judgment. This court held that the Renz's joint tenancy ownership of the property had been severed and a tenancy in common created, for two reasons: (1) "[T]he parties voluntarily severed the joint-tenancy relationship, and thereby created in themselves a tenancy in common" [*id.* at 886]; and (2) "'[I]n a divorce proceeding where there is a final disposition of jointly held property, such a decree effectuates a severance of the joint tenancy unless the decree specifically declares that the parties shall continue to hold the property as joint tenants instead of as tenants in common.'" *Id.* at 886, quoting *Snyder v. Snyder*, 298 Minn. 43, 50, 212 N.W.2d 869, 874 (1973). Here, as in *Renz*, Harriet and Loren M. voluntarily severed their joint tenancy ownership of their farmland and created a tenancy in common by their property settlement agreement in conjunction with their divorce. Also, as in *Renz*, the Waxler divorce decree finally disposed of their jointly held property and severed their joint tenancy ownership of the farmland because it did not specifically de-

clare that the parties would continue to hold the property as joint tenants instead of as tenants in common. Therefore, from the time of their divorce in 1964, Harriet and Loren M. owned the farmland as tenants in common and Harriet's interest did not pass to Loren M. upon her death.

The district court held that *Renz* should be applied prospectively only, and not retroactively, so that *Renz* was inapplicable to the Waxler divorce judgment and property distribution agreement. The court erred in failing to apply *Renz*.

■ "As a rule, judicial decisions apply 'retroactively.' Indeed, a legal system based on precedent has a built-in presumption of retroactivity." *Solem v. Stumes*, 465 U.S. 638, 642, 104 S.Ct. 1338, 1341, 79 L.Ed.2d 579, 586 (1984) (citations omitted). "A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward." *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 364, 53 S.Ct. 145, 148, 77 L.Ed. 360, 366 (1932). Unless there are special circumstances warranting denial of retroactive application, or the overruling court expressly indicates otherwise, "it may properly be assumed that an overruling decision is entitled to retroactive as well as prospective effect." *Annotation, Comment Note.—Prospective or Retroactive Operation of Overruling Decision*, 10 A.L.R.3d 1371, 1384 (1966).

■ In determining if we should apply a decision prospectively or retroactively, we often consider the three factors enunciated in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296, 306 (1971): (1) to be applied nonretroactively, the decision must establish a new principle of law; (2) we must weigh the merits and demerits in each case by looking at the history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation; and (3) we weigh any inequity imposed by retroactive application. *Kadrmas, Lee & Jackson, P.C. v. Bolken*, 508 N.W.2d 341 (N.D.1993).

■ When this court announced its decision in *Renz* in 1977, it did not indicate that

the decision was prospective only. The district court should not have applied it prospectively only. We do not agree with the district court that application of the *Chevron* factors compels only prospective application of *Renz.* While the precise question involved had not been presented to this court before *Renz,* the court in *Renz* did note that it had previously specified ways in which joint tenancies could be voluntarily or involuntarily terminated. The purpose of finally disposing of jointly-owned property of divorcing spouses would be advanced by retroactive application of *Renz.* We are not persuaded that retroactive application of *Renz* would impose any inequities. The district court erred in not applying *Renz* to this case. We must, therefore, reverse the summary judgment entered in favor of Loren M. and Lorraine Waxler.

██ The 1964 property settlement agreement and the divorce judgment created a trust in the income of the Waxlers' farmland and made Loren M. a trustee of the income for the purpose of funding the children's college educations. Because of the property settlement agreement and the divorce judgment, Loren M. Waxler also became a trustee of the farmland for its disposition after the purposes of the education trust were completed. A trustee holding property for a group has no right to assign the property as his own. *Van Sickle v. Olsen,* 92 N.W.2d 777 (N.D.1958). *See also* § 59-01-10, N.D.C.C., which provides in part: "A trustee shall not use or deal with the trust property for his own profit or for any other purpose not connected with the trust."

██ Loren M. and Lorraine asserted defenses of laches and the statute of limitations, both of which are fact-driven defenses not ordinarily susceptible of summary disposition. "The general rule where there is a claimed repudiation of a trust is that so long as there has been no denial or repudiation of the trust the possession of the trustee of an express and continuing trust is presumed to be that of the cestui que trust and the statute of limitations does not run between them." *Hodny v. Hoyt,* 243 N.W.2d 350, 356 (N.D. 1976). "The only way in which the trustee of an express trust can set the statute of limita-

tions in operation in his favor is by a distinct act of repudiation amounting to a denial of its existence, and no mere tacit failure of the trustee to perform his duty should be held to amount to a repudiation." *Id.* at 356. A constructive trustee of real property may not claim it by adverse possession without clearly making his claim of ownership known to the beneficiary. *Id.* at 358. A party will not be barred by laches without "knowledge that there has been a repudiation of the trust." *Id.* at 362. Because of its prospective application of *Renz,* the trial court did not address the defenses of laches and the statute of limitations. On remand, the court will have to consider those defenses.

The judgment is reversed and the matter is remanded for further proceedings.

VANDE WALLE, C.J., and LEVINE, SANDSTROM and MESCHKE, JJ., concur.