1997 ND 39

**Corey M. TABERT, Petitioner
and Appellee,**

v.

**NORTH DAKOTA DEPARTMENT OF
TRANSPORTATION, Respondent
and Appellant.**

**Civil No. 960310.**

Supreme Court of North Dakota.

March 20, 1997.

Thomas A. Dickson and Timothy Q. Pur-
don of Dickson Law Office, Bismarck, for

petitioner and appellee; argued by Timothy Q. Purdon.

Andrew Moraghan (argued), Assistant Attorney General, Bismarck, for respondent and appellant.

MESCHKE, Justice.

[¶ 1] The North Dakota Department of Transportation appeals from a district court judgment reversing an administrative decision to suspend the driving privileges of Corey M. Tabert for driving under the influence of alcohol. We reverse and remand for reinstatement of Tabert's suspension.

[¶ 2] Beulah Police Officer Kelly Hyke stopped Tabert for speeding. Hyke noticed a strong odor of alcohol, and Tabert, who was twenty years old, admitted he had been drinking. After Tabert failed several field sobriety tests, Hyke arrested Tabert for consumption of alcohol by a minor. Tabert failed an ALERT screening test, and Hyke charged him with driving under the influence of alcohol. Tabert then submitted to a blood test that reported his blood alcohol concentration at .13 percent.

[¶ 3] At an administrative hearing on Tabert's license to drive, the hearing officer introduced several exhibits into evidence. Many of them, including the list of certified chemical test operators and the list of approved chemical testing devices, were certified after the date Tabert's blood sample had been analyzed. The hearing officer admitted the exhibits over Tabert's general objections to lack of proper foundation, lack of relevancy, and hearsay.

[¶ 4] The hearing officer later introduced Exhibit 11, a sworn statement by Aaron E. Rash, then Deputy State Toxicologist of North Dakota, collectively certifying that analysis of Tabert's blood sample had been performed by an individual certified by the State Toxicologist according to the method and with a device approved by the State Toxicologist. The Analytical Report and Submission for Blood form were attached to this certification. Tabert again objected to

lack of proper foundation, but the hearing officer overruled his objection. During his closing argument, Tabert argued it was wrong to admit the blood test because there is "insufficient . . . relevant foundational documents to support its admission and insufficient foundational testimony to support its admission." The hearing officer asked Tabert if he had anything more specific, and Tabert said no.

[¶ 5] At the end of the hearing, the hearing officer entered findings of fact, conclusions of law, and a decision suspending Tabert's driving privileges for 91 days. Tabert appealed. The district court reversed Tabert's suspension because several of the foundational exhibits were certified after Tabert's blood was analyzed, and the court concluded the blood test was thus inadmissible. The Department appealed.

[¶ 6] On appeal, the Department argues that Tabert's objections to the exhibits were not properly raised and preserved at the hearing because they were too general. The Department contends Tabert should have elaborated, when the hearing officer asked him to be more specific, for her to make an intelligent ruling. The Department also argues that Tabert's objections to the admission of the blood test are not important in any case, because the collective certification of the foundational elements with the Analytical Report of Talbert's blood test was sufficient foundation, as we recently held in *State v. Asbridge*, 555 N.W.2d 571 (N.D.1996). We disagree that Tabert's objection was not preserved at the hearing.

[¶ 7] The hearing officer asked Tabert if he could be more specific, not before ruling on his objections, but afterwards during his closing argument. At that stage, Tabert was not required to elaborate on his objections. However, if the hearing officer had sought more specific objections before ruling on them, Tabert would have had to specify or risk waiving his objections. *See NDREv 103(a)(1)* (requiring specific objections unless the specific grounds are apparent in the context); 1 John Henry Wigmore, *Evidence in*

*Trials at Common Law* § 18 at 824 (1983) ("The trial judge almost surely has the same latitude to demand detailed explanations and theories from the objector as he does from the proponent of the evidence."); E. Gardner Brownlee, *Objections to Evidence* § 1.13 (1974) (a trial judge should ask for a more specific objection when an objection is too general).

[¶ 8] Review of an administrative decision to suspend a driver's licence is governed by the Administrative Agencies Practice Act. *Zimmerman v. North Dakota Dep't of Transp. Dir.*, 543 N.W.2d 479, 481 (N.D.1996). We review the findings and decision of the agency and not those of the district court. *Id.* We will affirm the agency if: (1) its findings of fact are supported by a preponderance of the evidence; (2) its conclusions of law are sustained by the findings of fact; (3) its decision is supported by the conclusions of law; and (4) its decision is in accordance with law. *Axtman v. Moore*, 534 N.W.2d 802, 803–04 (N.D.1995). Here we conclude the hearing officer's decision to suspend Tabert's driving privileges is supported by her findings and conclusions, and accords with law.

[¶ 9] The District Court reversed Tabert's suspension before we decided *State v. Asbridge*. In *Asbridge*, 555 N.W.2d at 574, we accepted a collective certification page with attachments, identical to this Exhibit 11, as sufficient foundation for admission of a blood-test result under NDCC 39–20–07(5).[1] Although the other foundational exhibits admitted here were irrelevant and inadmissible, they were also unnecessary. Exhibit 11, by itself, contained sufficient foundation for the admissibility of Tabert's blood-test result.

[¶ 10] Tabert argues the State Toxicologist has not certified approval of the device or operator for his blood test, because Rash was only a Deputy State Toxicologist when he certified Exhibit 11. This argument was not addressed in *Asbridge*. However, the State Toxicologist is authorized to "designate such qualified deputy state toxicologists as may be necessary to exercise the authority and responsibility prescribed by law for the state toxicologist." NDCC 23–01–09.1. NDCC 1–01–11 authorizes a lawful deputy to perform "any act permitted to be done by [a ministerial officer]." Here, Deputy Rash lawfully certified that the device, method, and operator had been approved by the State Toxicologist.

[¶ 11] Tabert also argues *Asbridge* should not be applied retroactively. Absent special circumstances, judicial decisions apply both prospectively and retroactively as a rule. *Waxler v. Dalsted*, 529 N.W.2d 176, 178 (N.D.1995). Tabert argues applying *Asbridge* retroactively would place an "impossible burden" on lawyers representing drivers in hearings before *Asbridge* was decided, but has not described what that "impossible burden" would be. We are not persuaded.

[¶ 12] Tabert also argues Rash's collective certification is hearsay. We ruled in *Asbridge*, 555 N.W.2d at 574, that under NDCC 39–20–07(5), this type of certification is a valid exception to the hearsay rule.

[¶ 13] We reverse the decision of the District Court and remand for reinstatement of the suspension of Tabert's license to drive.

[¶ 14] VANDE WALLE, C.J., and MARING, NEUMANN, and SANDSTROM, JJ., concur.

---

1. Part of NDCC 39–20–07(5) directs:
   The results of the chemical analysis must be received in evidence when it is shown that the sample was properly obtained and the test was fairly administered, and if the test is shown to have been performed according to methods and with devices approved by the state toxicologist, and by an individual possessing a certificate of qualification to administer the test issued by the state toxicologist.