2005 ND 37

**Tyler FAST, Plaintiff and Appellee**

**v.**

**Allyson MAYER, Defendant and Appellant.**

No.  20040200.

Supreme Court of North Dakota.

Feb. 16, 2005.

Lynn M. Boughey, Boughey Law Firm, Minot, N.D., for defendant and appellant.

Robert S. Thomas, Thomas & Thomas, Minot, N.D., for plaintiff and appellee.

MARING, Justice.

[¶1]  Allyson Mayer appeals a district court judgment granting Tyler Fast unsupervised visitation with the former couple's six-year-old daughter.  We affirm.

I

[¶2]  Fast and Mayer, who never married, have a daughter together born in November 1998.  Mayer has had custody of the child since birth, with Fast having regular unsupervised visits until mid–2001.  In the summer of 2001, Mayer learned of Fast's intimate relationship with another woman after finding an explicit videotape in his apartment.  After viewing the videotape, Mayer searched the contents of Fast's computer and alleges she found over 1200 pornographic downloads, some of which had titles indicating either underage or child pornography.  Fast admits to visiting pornographic websites "five or ten" times and admits files related to those websites may be on the computer used by him and by others.  From that point forward, Mayer insisted that all of Fast's future visits with their daughter be supervised.

[¶ 3]   Both parties complied with the unofficial supervised visitation arrangement until February 2003 when Fast asked the trial court for unsupervised visitation and clarification of other parental issues.   Mayer requested the supervised visitation continue, alleging that during an August 2002 visit, Fast indecently exposed himself to their daughter by performing a nude sexual "dance."   At the evidentiary hearing on the matter, Mayer testified that their then three-year-old daughter had drawn pictures, orally described, and demonstrated a "dance" she learned from Fast. A licensed psychologist testified that she deemed the daughter's story to be credible but that she could not testify as to what her credibility was at age three when she first told the story.   The psychologist also indicated that while she had personally interviewed Mayer and the couple's daughter, she did not interview Fast prior to forming her opinion.

[¶ 4]   Fast denies the exposure incident, arguing it was impossible considering it would have had to occur during a supervised visit.   Fast's mother, who was present and supervising the visit where the alleged exposure took place, testified that either her or her husband were present at all times during the visit in question and that at no time did Fast expose himself.

[¶ 5]   The trial court found Mayer did not establish that the alleged indecent exposure took place or that unsupervised visits with Fast would be harmful to their daughter.   Consequently, the trial court granted   Fast   unsupervised   visitation. Mayer appeals.

## II

[¶ 6]   Mayer argues that based on the evidence presented, the trial court's decision allowing unsupervised visitation was clearly erroneous.   Mayer contends sufficient evidence exists that Fast indecently exposed himself in the form of oral descriptions and drawings by their daughter, an expert's conclusion that the daughter's story was consistent and credible, and Fast's "demonstrated lack of credibility and honesty."

[¶ 7]   A trial court's decision on visitation is a finding of fact and will not be reversed on appeal unless it is clearly erroneous.   *T.E.J. v. T.S.*, 2004 ND 120, ¶ 18, 681 N.W.2d 444;   *Litoff v. Pinter*, 2003 ND 172,   ¶ 11,   670   N.W.2d   860;   *Krank v. Krank*, 2003 ND 146, ¶ 16,́ 669 N.W.2d 105.   "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after review of the evidence, this Court has a definite and firm conviction a mistake has been made."   *Hogan v. Hogan*, 2003 ND 105, ¶ 6, 665 N.W.2d 672.

[¶ 8]   The trial court's decision granting Fast unsupervised visitation with the couple's daughter is supported by the record and is not clearly erroneous.   Section 14–05–22(2), N.D.C.C., sets forth the legal standard for granting visitation to the noncustodial parent:

> After making an award of custody, the court shall, upon request of the noncustodial parent, grant such rights of visitation as will enable the child and the noncustodial parent to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health.

N.D.C.C. § 14–05–22(2).

[¶ 9]   When a trial court considers restrictions on a noncustodial parent's visitation rights, the standard of proof required is a preponderance of the evidence. *See Healy v. Healy*, 397 N.W.2d 71, 73 (N.D.1986).   Our Court has provided further guidance on noncustodial visitation:

District courts have the authority to allow a noncustodial parent visitation rights. *Ackerman v. Ackerman*, 1999 ND 135, ¶ 13, 596 N.W.2d 332. The primary purpose of visitation is to promote the best interests of the children, not the wishes or desires of the parents. *Moilan v. Moilan*, 1999 ND 103, ¶ 29, 598 N.W.2d 81. Visitation with the noncustodial parent is presumed to be in the child's best interests and is not merely a privilege of the noncustodial parent, but a right of the child. *Hendrickson v. Hendrickson*, 2000 ND 1, ¶ 21, 603 N.W.2d 896. A noncustodial parent should be deprived of visitation only if "visitation is likely to endanger the child's physical or emotional health." N.D.C.C. § 14–05–22(2); *Ackerman*, at ¶ 13. Denying a noncustodial parent visitation with a child is an onerous restriction, such that physical or emotional harm resulting from the visitation must be demonstrated in detail before it is imposed. *Hendrickson*, at ¶ 21.

*Schiff v. Schiff*, 2000 ND 113, ¶ 9, 611 N.W.2d 191.

[¶ 10] Considering the aforementioned standards, Mayer's burden at the trial court level was to establish, by a preponderance of the evidence, that physical or emotional harm will likely result from allowing Fast unsupervised visitation with the couple's daughter. The trial court, in its judgment, indicated that after a full day of testimony, Mayer did not establish by a preponderance of the evidence that unsupervised visitation by Fast would be harmful to their daughter. The court noted that there were many "unresolved questions as the validity, setting, and circumstances" as to both the statement and drawings produced by the child. The court also indicated it was unpersuaded by the psychologist's testimony because her interview of the child took place several years after the alleged indecent exposure incident and because the psychologist had indicated three-year-olds have difficulty separating reality from fantasy. Additionally, the court found certain testimony by Mayer and her mother regarding the child's repetition of the story "unpersuasive."

[¶ 11] Mayer argues that the testimony of herself, her husband, her mother, and her sister reiterating the child's descriptions of the "dance" Fast is alleged to have performed, combined with the testimony of the psychologist noting that the child's story did not appear to be coached, and the "demonstrated lack of credibility and honesty" of Fast, supports her contention that the trial court decision allowing Fast unsupervised visitation is clearly erroneous.

[¶ 12] In effect, Mayer is requesting that our Court reassess the credibility of the witnesses and reweigh the testimonial evidence. We decline to do so. We will not redetermine the trial court's findings based upon conflicting testimony on material issues. *Roberson v. Roberson*, 2004 ND 203, ¶ 10, 688 N.W.2d 380. "In a bench trial, the trial court is the determiner of credibility issues and we do not second-guess the trial court on its credibility determinations. We do not reweigh evidence or reassess credibility, nor do we reexamine findings of fact made upon conflicting testimony. We give due regard to the trial court's opportunity to assess the credibility of the witnesses, and the court's choice between two permissible views of the evidence is not clearly erroneous." *Akerlind v. Buck*, 2003 ND 169, ¶ 7, 671 N.W.2d 256 (quoting *Moen v. Thomas*, 2001 ND 95, ¶ 20, 627 N.W.2d 146). The decision of the trial court on the issue of unsupervised visitation is not clearly erroneous and we affirm.

## III

[¶ 13] Mayer contends that the trial court abused its discretion by not compelling Fast to submit his computer for examination. Mayer asserts that given her testimony and Fast's admissions that pornography is on his computer, Fast should have been compelled to produce the computer so a forensic examination could be conducted.

[¶ 14] Trial courts have broad discretion in setting the scope of discovery, and discovery orders will not be reversed unless there is an abuse of discretion. *Nastrom v. Nastrom*, 1998 ND 142, ¶ 7, 581 N.W.2d 919. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when its decision is not the product of a rational mental process." *Id.*

[¶ 15] The trial court did not abuse its discretion when it did not compel Fast to submit his computer for examination. Mayer argues that given her testimony regarding the number and titles of the files she claims to have witnessed, Fast's admission to having pornography on his computer, and the allegation that Fast exposed himself to their daughter, she has established a prima facie case warranting access to Fast's computer. Mayer relies on *O'Neill v. O'Neill*, 2000 ND 200, 619 N.W.2d 855. In *O'Neill*, this Court said that "[a]llegations, supported by affidavit, demonstrating a custodial environment which may be endangering the childrens' physical or emotional health, are sufficient to raise a prima facie case for change of custody, entitling the movant to an evidentiary hearing." *Id.* at ¶ 8. *O'Neill* did not deal with a discovery motion in a visitation case. However, the *O'Neill* requirement that an evidentiary hearing be held when a prima facie case is established was fulfilled on June 20, 2003. At that hearing, the trial court addressed the computer and other evidentiary issues and orally denied access to Fast's computer stating:

> And in terms of the computer, the custody of that, again in light of the fact I feel that the mechanism, it's complicated, counsel, in terms of being able to have a proper forensic search done on it. And I don't think it's as easy as you make it out to be. I think you can make your arguments, and that, without the computer, and that. So I am going to deny the computer. I just see that being a whole bottle of aspirin, if not more.

[¶ 16] While the reasoning behind the court's oral ruling may not be completely clear, it does not appear that the trial court acted in an "arbitrary, unreasonable, or unconscionable manner" or that the court's decision was not "the product of a rational mental process," which must be established for an abuse of discretion. *Nastrom*, 1998 ND 142, ¶ 7, 581 N.W.2d 919. Rather, as Fast points out in his opposing argument, the trial court was correct in not compelling discovery of the computer because Mayer presented no evidence that their daughter had seen any of the pornography contained on the computer and because other adults used the computer and certain components were salvaged from other computers, it would be virtually impossible to definitively attribute the contents to Fast. We conclude the trial court did not abuse its discretion by denying Mayer's motion to compel access to Fast's computer.

## IV

[¶ 17] Mayer argues the trial court's failure to award her attorney fees is an abuse of discretion. According to Mayer, attorney fees are warranted because the court granted Mayer's motion to compel discovery and because Fast repeatedly failed to answer basic questions or provide requested documentation.

[¶ 18] "Under N.D.R.Civ.P. 37(b)(2), a district court has a broad spectrum of available sanctions for discovery violations, and any sanctions imposed will not be set aside on appeal unless the district court abused its discretion." *Dietz v. Kautzman*, 2004 ND 164, ¶ 13, 686 N.W.2d 110. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when its decision is not the product of a rational mental process." *Nastrom*, 1998 ND 142, ¶ 7, 581 N.W.2d 919.

[¶ 19] Mayer's argument that the trial court abused its discretion by not awarding her attorney fees is unpersuasive. The record indicates that Mayer twice filed motions to compel discovery.[1] The first motion, filed on May 5, 2003, only requested access to Fast's computer. The second motion, filed May 28, 2003, requested access to Fast's computer and answers to deposition questions (the motion does not specify what questions Mayer would like answered). At a June 20, 2003, hearing on evidentiary issues, the trial court heard arguments and denied the motion to compel access to Fast's computer, denied several of Mayer's deposition requests, and granted Mayer's request for Fast's tax and school records. Mayer argues that under N.D.R.Civ.P. 37(a)(4)(A), she is entitled to attorney fees because her motion to compel discovery was granted. Rule 37(a)(4)(A) provides:

> If the motion is granted or if the requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising the conduct, or both of them, to pay to the moving

party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the opposing party's response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

N.D.R.Civ.P. 37(a)(4)(A).

[¶ 20] The facts, however, indicate that the pertinent Rule is N.D.R.Civ.P. 37(a)(4)(C) because Mayer's motion was granted in part and denied in part. Rule 37(a)(4)(C) provides:

> If the motion is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) and may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner.

N.D.R.Civ.P. 37(a)(4)(C).

[¶ 21] The trial court did not rule specifically on this issue at the evidentiary hearing, saying only that "I am just going to hold that in abeyance for the rest of the case. And, frankly, it may be an incentive to counsel." The issue was not dealt with again, either at the visitation hearing held September 24, 2003, or in the Memorandum and Order for Judgment issued May 21, 2004. Rule 37(a)(4)(C), N.D.R.Civ.P., instructs that a court "may" apportion expenses in these situations. Mayer's argument fails to establish how the trial court's decision not to apportion expenses, in accordance with the discretion allowed under N.D.R.Civ.P. 37(a)(4)(C), reaches the arbitrary, unreasonable, unconscionable, or irrational level required to find an abuse of discretion. The trial court did not abuse

---

1. Mayer's appellant brief does not indicate which of the two motions to compel she is asking this Court to review. Presumably, it is the second motion because the first only asked for access to Fast's computer which was clearly denied by the trial court.

its discretion when it did not award Mayer attorney fees for her discovery motions.

## V

[¶ 22]  We affirm the trial court's judgment granting Fast unsupervised visitation with his daughter.

[¶ 23] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.