Filed 12/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 239

James A. Van Berkom and 

Betty L. Van Berkom, Plaintiffs and Appellees

v.

Marilyn E. Cordonnier, Brenda K. Klitzke, 

Darwin C. Van Berkom, Bradley K. Van Berkom, 

Mark Barenthsen and Kathryn Barenthsen, Defendants and Appellants

No. 20110085

Appeal from the District Court of Burke County, Northwest Judicial District, the Honorable Todd L. Cresap, Judge.

AFFIRMED.

Opinion of the Court by Maring, Justice.

Jonathan C. Eaton, Heritage Place, 201 Main St. S., Ste. 200, Minot, N.D. 58701-3947, for plaintiffs and appellees.

Elizabeth L. Pendlay, P.O. Box 289, Crosby, N.D. 58730-0289, for defendants and appellants.

Van Berkom v. Cordonnier

No. 20110085

Maring, Justice.

[¶1] 
Marilyn Cordonnier, Brenda Klitzke, Darwin Van Berkom, Bradley Van Berkom, Mark Barenthsen, and Kathryn Barenthsen (collectively “Cordonniers”) appeal from the trial court’s judgment quieting title of an undivided one-half interest of the disputed mineral rights in favor of James and Betty Van Berkom.  We hold the trial court’s finding that the Cordonniers did not prove the presence of a mutual mistake justifying reformation by clear, satisfactory, specific, and convincing evidence is not clearly erroneous, and we affirm.

I

[¶2] In 1979, James and Betty Van Berkom executed a contract for deed for the purchase of certain real estate from Arlo and Garoldine Van Berkom, James Van Berkom’s uncle and aunt.  The contract for deed contained a mineral reservation clause.  During the probate proceedings following Arlo Van Berkom’s death, half of the mineral acres underlying the real estate subject to the 1979 contract for deed were devised to a trust created by Arlo Van Berkom’s last will and testament, and the other half passed to Garoldine Van Berkom.  After the completion of payments under the contract for deed, Garoldine Van Berkom, in 1995, executed a warranty deed conveying the subject real estate to James and Betty Van Berkom.  The warranty deed did not contain a mineral reservation clause.  Garoldine Van Berkom died in 2002.  Her last will and testament gave Mark Barenthsen an option to purchase any part or all of her farmland and any mineral rights she owned.  Mark Barenthsen exercised this option purchasing, among others, the mineral rights in question.  Only the undivided one-half interest in the mineral rights allegedly sold to James and Betty Van Berkom and Mark and Kathryn Barenthsen by Garoldine Van Berkom are at issue in this case.

[¶3] The discrepancy in title was brought to the parties’ attention in 2008 when both James and Betty Van Berkom and Mark and Kathryn Barenthsen sought to simultaneously lease the disputed mineral acres.  The Van Berkoms commenced this action to quiet title to the mineral rights they claimed under the 1995 warranty deed.  The Cordonniers responded, alleging the warranty deed suffered from a mutual mistake and seeking to reform the warranty deed to conform to the 1979 contract for deed.

[¶4] At trial, the Van Berkoms presented testimony demonstrating Arlo and Garoldine Van Berkom intended to transfer the mineral rights, along with the surface rights, when the payments under the contract for deed were completed and the warranty deed was delivered.  James Van Berkom testified that, at the time the contract for deed was executed, it was Arlo Van Berkom’s intention for James Van Berkom to receive the minerals underlying the real estate once the contract for deed was fully paid.  The Van Berkoms also submitted the deposition of Larry Van Berkom, Arlo Van Berkom’s brother and James Van Berkom’s other uncle, which was read into the record.  Larry Van Berkom testified he discussed this sale with Arlo Van Berkom, and it was his understanding Arlo Van Berkom intended James Van Berkom to receive the minerals underlying the real estate once the contract for deed was satisfied.  Further, Larry Van Berkom explained it was Arlo and Garoldine Van Berkom’s preference to retain their mineral rights when selling land, except when the buyer was a family member.  During cross-examination, Larry Van Berkom also stated he would prefer the Van Berkom mineral rights to stay in the family.

[¶5] The Cordonniers sought to reform the warranty deed to conform with the contract for deed.  They argued the warranty deed suffered from a mutual mistake and Arlo and Garoldine Van Berkom actually intended to except the mineral rights from the warranty deed.  Mark Barenthsen testified about several land transactions he conducted with Arlo and Garoldine Van Berkom.  He explained the course of dealing Arlo and Garoldine Van Berkom followed whenever he purchased land from them.  According to Mark Barenthsen, the couple retained legal counsel, utilized both a contract for deed and a warranty deed, and always reserved any mineral interests they owned.  Regarding the warranty deed, Mark Barenthsen stated he did not believe Garoldine Van Berkom engaged professional legal counsel to assist her with the deed’s preparation, and the warranty deed did not contain a mineral reservation.  Mark Barenthsen also told the court how, when Garoldine Van Berkom’s estate was probated, he and his wife received, as a gift, all of the mineral interests under the lands they had previously purchased from Arlo and Garoldine Van Berkom.

[¶6] Both James Van Berkom and Mark Barenthsen also testified about their leasing decisions.  Mark Barenthsen testified he first leased the disputed mineral interests in 2005, shortly after allegedly acquiring them through the option contained in Garoldine Van Berkom’s last will and testament, and again in 2008.  On cross-

examination, James Van Berkom explained he only leased the disputed mineral rights once, in 2008, even though he believed he owned the rights since 1995.

[¶7] Following the submission of post-trial briefs, the trial court ruled in favor of James and Betty Van Berkom.  The court held the Van Berkoms were entitled to the undivided one-half interest of the disputed mineral rights, and the Cordonniers failed to produce the proof required to reform a deed.  The Cordonniers appealed from the trial court’s judgment.

II

[¶8] The primary issue on appeal is whether the trial court clearly erred when it found the Cordonniers failed to establish a mutual mistake and were not entitled to reformation of the warranty deed.

[¶9] We review a trial court’s challenged “findings of fact under the clearly erroneous standard set forth in N.D.R.Civ.P. 52(a).”  
Piatz v. Austin Mut. Ins. Co.
, 2002 ND 115,   24, 646 N.W.2d 681.  Under N.D.R.Civ.P. 52(a), a trial court “must find the facts specially.”  Further, a trial court’s findings of fact “must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court’s opportunity to judge the witnesses’ credibility.”  N.D.R.Civ.P. 52(a).  “A trial court’s findings of fact on appeal are presumed to be correct, and the complaining party bears the burden of demonstrating a finding is clearly erroneous.”  
Piatz
, 2002 ND 115,   24, 646 N.W.2d 681.  This Court has stated “‘[a] finding of fact is clearly erroneous when there is no evidence to support it, or when, although there is some evidence to support it, the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made.’”  
Am. Bank Ctr. v. Wiest
, 2010 ND 251,   13, 793 N.W.2d 172 (quoting 
Sargent Cnty. Bank v. Wentworth
, 500 N.W.2d 862, 874 (N.D. 1993)).  A finding of fact is not clearly erroneous merely because this Court might have reached a different result.  
Agnes M. Gassmann Revocable Living Trust
, 2011 ND 169,   9, 802 N.W.2d 889.

III

[¶10] The Cordonniers argue the trial court clearly erred when it found they failed to establish a mutual mistake and were not entitled to reformation of the warranty deed.

[¶11] “‘Reformation is an equitable remedy used to rewrite a contract to accurately reflect the parties’ intended agreement.’”  
Johnson v. Hovland
, 2011 ND 64,   11, 795 N.W.2d 294 (quoting 
Spitzer v. Bartelson
, 2009 ND 179,   22, 773 N.W.2d 798).  In 
Ell v. Ell
, this Court stated “equity will grant remedial relief in the nature of reformation of a written instrument, resulting from a mutual mistake, when justice and conscience so dictate.”  295 N.W.2d 143, 150 (N.D. 1980).  In order “[f]or a mutual mistake to justify reformation of an agreement, ‘it must be shown that, at the time of the execution of the agreement . . . both parties intended to say something different from what was said in the instrument.’”  
Meyer v. McCormick, Inc.
, 445 N.W.2d 21, 24 (N.D. 1989) (quoting 
Cokins v. Frandsen
, 141 N.W.2d 796, 799 (N.D. 1966)).  In cases involving claims for reformation, “a presumption arises from the terms of the instrument that it correctly expresses the true agreement and intention of the parties,” and the party seeking reformation bears the burden of proving “the written instrument does not fully or truly state the agreement that the parties intended to make.”  
Ell
, 295 N.W.2d at 150; 
see also
 N.D.C.C.   32-04-17.  Whether a contract actually contains a mistake justifying reformation is a question of fact.  
Spitzer
, 2009 ND 179,   23, 773 N.W.2d 798.

[¶12] “Each case involving the reformation of a contract on grounds of fraud or mutual mistake must be determined upon its own particular facts and circumstances.”  
Ell
, 295 N.W.2d at 150.  In cases involving reformation, parol evidence is admissible to both establish the existence of a mutual mistake and demonstrate the actual intentions of the parties.  
Id.
  However, this Court has stated:

“Parol evidence of an alleged mutual mistake as a basis for the modification of a written instrument must be clear, satisfactory, specific and convincing, and a court of equity will not grant the high remedy of reformation even upon a mere preponderance of the evidence, but only upon the certainty of error.”

Id.
 (quoting 
Oliver-Mercer Elec. Coop., Inc. v. Fisher
, 146 N.W.2d 346, 355-56 (N.D. 1966)).

[¶13] The Cordonniers assert the weight of the evidence does not support the trial court’s decision “[t]hat the [Cordonniers] failed to produce the proof required by law to reform a [d]eed.”  The law requires a trial court to presume a properly executed instrument correctly states a party’s intention.  
Ell
, 295 N.W.2d at 150.  In this case, Garoldine Van Berkom properly executed and delivered to James and Betty Van Berkom a warranty deed lacking any indication she intended to retain the mineral interests underlying the described real estate. To rebut the presumption, the Cordonniers relied primarily on the contract for deed and its mineral reservation provision.  While the contract for deed and the presence of a mineral reservation provision within it is relevant, the trial court did not clearly err when it found such evidence was insufficient to overcome the presumption the warranty deed embodied Garoldine Van Berkom’s intentions.

[¶14] During the trial, James Van Berkom and Larry Van Berkom, the latter through his deposition, testified they understood it was Arlo Van Berkom’s intention for James Van Berkom to receive the minerals underlying the subject real estate once the contract for deed was satisfied.  The Cordonniers did not provide any evidence directly refuting this testimony.  Rather, the Cordonniers relied on Mark Barenthsen’s testimony explaining the course of dealing utilized by Arlo and Garoldine Van Berkom when they sold property to him.  Based on this evidence, the trial court determined the Cordonniers did not establish the level of proof necessary to reform a deed.  As the reviewing court, we must give due regard to the trial court’s determination regarding the credibility of witnesses’ testimony.  N.D.R.Civ.P. 52(a)(6).  We conclude the trial court’s finding is supported by the testimony and other evidence, and we are not left with a definite and firm conviction a mistake has been made.  The trial court’s decision was not clearly erroneous.

IV

[¶15] The Cordonniers also argue the trial court erred by taking judicial notice of the practice of mineral leasing in North Dakota.  However, the Cordonniers failed to properly preserve the issue for review.

[¶16] Under N.D.R.Ev. 201(e), a party is entitled to an opportunity to be heard regarding a matter on which the trial court is contemplating taking judicial notice.  If the trial court takes judicial notice before affording a party this opportunity, then “[i]n the absence of prior notification, the request [to be heard] may be made after judicial notice has been taken.”  N.D.R.Ev. 201(e).  In the present case, the Cordonniers failed to make a request for an opportunity to be heard regarding the trial court’s decision to take notice of the practice of mineral leasing in North Dakota.

[¶17] During oral argument, counsel for the Cordonniers mentioned a letter “generally” objecting to the trial court’s memorandum order.  However, we are unable to locate any such letter in the record.  Under N.D.R.App.P. 10(h)(2), on stipulation of the parties, “[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded.”  This Court may also, on its own initiative, “direct that an omission or misstatement be corrected, and, if necessary, that a supplemental record be certified and transmitted.”  N.D.R.App.P. 10(h)(2).  The Cordonniers had the opportunity to ensure the letter was present in the record but failed to do so.  Based on the Cordonnier’s counsel’s statement that the letter contains only a “general[]” objection, we do not see the necessity of placing the letter in the record either.

[¶18] Alleged errors regarding the admission of evidence are governed by N.D.R.Ev. 103, which requires a substantial right of the party be affected and the specific ground for the objection be stated.  “A party must make a specific objection . . . to give the trial court an opportunity to fully understand the objection and appropriately rule on it.”  
May v. Sprynczynatyk
, 2005 ND 76,   26, 695 N.W.2d 196.  Just as “[a] general objection of lack of foundation is not sufficient to specifically raise issues which are not apparent from the context,” attempts at “generally” objecting to an entire order do not sufficiently inform the trial court or provide it with an appropriate basis from which to rule.  
See
 
id
.  Finally, even if the trial court did err, such error was harmless.  “At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party’s substantial rights.”  N.D.R.Civ.P. 61; 
see also
 N.D.R.Ev. 103(d).  The Cordonniers failed to establish this alleged error affected their substantial rights and prejudiced the outcome of the case.

[¶19] The judgment of the trial court is affirmed.

[¶20] Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.